UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ERIC DEVON SWEET,
    Petitioner,

vs.                                      Case No.: 5:24cv164/MCR/ZCB

RICKY D. DIXON,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Eric Devon Sweet is a Florida state prisoner seeking habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1). For the reasons below, this case should be dismissed for lack of jurisdiction.

### I.    Background

On February 25, 2016, Petitioner was convicted in Bay County Circuit Court (Case No. 2014-CF-4419) of trafficking oxycodone. (Doc. 1 at 1, 4, 6). He was sentenced to twenty-five years in prison. (*Id.*).

Petitioner admits that he previously filed a § 2254 petition in federal court challenging the same state court conviction. (*Id.* at 12). That petition was dismissed as untimely. *Sweet v. Dixon*, No. 5:23cv90-

1

MW-MJF, 2023 WL 7110349, at *1 (N.D. Fla. Oct. 27, 2023), *appeal dismissed*, No. 23-13728-H, 2023 WL 9600856, at *1 (11th Cir. Dec. 26, 2023), *cert denied*, No. 23-7262, 2024 WL 3089607, at *1 (June 24, 2024).

Considering this history, the Court ordered Petitioner to show cause as to why the current case should not be dismissed for lack of jurisdiction as an unauthorized second or successive § 2254 petition. (Doc. 6). In response, Petitioner has argued that the Court is authorized to consider his petition under 28 U.S.C. § 2263. (Doc. 7 at 1, 3). He also argues that the Supreme Court's recent decision in *Erlinger v. United States*, 144 S. Ct. 1840 (2024) announced a new rule of constitutional law that applies to his case. (*Id.* at 3-20). As explained below, neither of these arguments provides the Court with jurisdiction to review his habeas petition.

## II. Discussion

A U.S. District Court may not consider a second or successive habeas petition under § 2254 unless the petitioner has first obtained authorization from the appropriate appellate court. 28 U.S.C. § 2244(3)(A); Rule 9, Rules Governing Section 2254 Cases in the United

States District Courts (2015). Absent such appellate court authorization, a district court lacks jurisdiction over a second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas petition because the prisoner failed to obtain appellate court authorization); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

"[T]he phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). A second § 2254 petition qualifies as "second or successive" if it challenges the same judgment as the first, and the first was denied on the merits or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). But a second petition does not qualify as "second or successive" if the first petition was not considered on the merits and was dismissed without prejudice to allow the petitioner to exhaust state remedies. *Slack v. McDaniel,* 529 U.S. 473, 487 (2000).

In this case, Petitioner has admitted that he previously filed a § 2254 petition challenging the same state court judgment that he

3

challenges here. (Doc. 1 at 12). The Court dismissed the first petition as untimely.[1] *Sweet*, 2023 WL 7110349, at *1. The instant habeas petition is a second or successive § 2254 petition challenging the state court judgment in Bay County Circuit Court No. 2016-CF-4419. The Court, therefore, cannot entertain the arguments in the petition unless Petitioner first received permission from the U.S. Court of Appeals for the Eleventh Circuit. He has not received such permission. For that reason, this case should be dismissed for lack of jurisdiction. *See Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1182 (11th Cir. 2019) (stating that a district court is "required to dismiss" for "lack of jurisdiction" a second or successive § 2254 petition that is filed without the appellate court's permission).

Petitioner's reliance on 28 U.S.C. § 2263 is misplaced. That statute applies to habeas corpus proceedings in capital cases. But this is not a capital case. Moreover, § 2263 says nothing about a U.S. District

---

[1] The dismissal of a § 2254 petition as untimely is a decision on the merits for purposes of the jurisdictional bar on second or successive petitions. *Faison v. Sec'y, Fla. Dep't of Corr.*, 806 F. App'x 938, 938 (11th Cir. 2020).

Court having jurisdiction to review a second or successive habeas petition without appellate court permission. Additionally, the Supreme Court's decision in *Erlinger* does not allow Petitioner to bypass the requirement that he first obtain appellate court permission before filing a second or successive habeas petition in a U.S. District Court.[2]

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The 28 U.S.C. § 2254 petition (Doc. 1) be **DISMISSED for lack of jurisdiction** because it is a second or successive petition that was filed without the Eleventh Circuit's permission.

2. The Clerk of Court be directed to enter judgment accordingly and close this case.[3]

---

[2] One circumstance in which the Eleventh Circuit Court of Appeals—not this Court—may authorize the filing of a second or successive application is if the applicant shows that the petition presents a claim that "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2), (b)(3)(C).

[3] A certificate of appealability is not required to appeal an order dismissing for lack of jurisdiction a second or successive § 2254 petition. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020).

At Pensacola, Florida, this 19th day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.